SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing his claim for automobile damage resulting from an accident which occurred at the intersection of Louisiana and Loyola Avenues in New Orleans. At this point Louisiana Avenue consisted of several traffic lanes divided by a neutral ground. The intersection was controlled by a stop sign facing Loyola Avenue.
*401 Prior to the collision defendant’s automobile was being driven by Carmelia Cau-sin in a northerly direction on Louisiana Avenue and plaintiff was proceeding west on Loyola. Defendant’s vehicle in the lane by the neutral ground struck the left side of plaintiff’s vehicle which was partially within the neutral ground area.
Plaintiff testified that he stopped at the stop sign, he proceeded across the intersection, and stopped his automobile within the neutral ground to wait for lakebound traffic on Louisiana to pass with the rear of his automobile protruding into the northbound lane of Louisiana when his car was struck.
In his testimony, he was unsure as to how long he had been stopped in the neutral ground, admitting that it could have been for only three seconds.
On the other hand, Carmelia Causin testified that as she was proceeding along Louisiana Avenue at fifteen miles per hour, plaintiff’s car suddenly entered the intersection just a half of a car length in front of her. Whereupon she applied her brakes but skidded into plaintiff’s car.
The only other testimony concerning the accident came from the investigating officer and the fourteen-year old brother of Carmelia Causin, who was riding in the car with his sister at the time of the accident. The former’s testimony adds little to the record, but the latter’s, while inconsistent in some respects, was generally corroborative of his sister’s testimony.
Plaintiff’s reliance on Allen v. Baucum, 218 So.2d 662 (La.App. 4th Cir. 1969), is misplaced. There this Court found that the Allen vehicle which had, like plaintiff’s here, partially entered the neutral ground of the favored street, stopped and was struck, but in the cited case Mrs. Allen had been stopped for at least fifteen seconds before being struck. In the instant case the trial judge may have concluded that plaintiff had not even stopped when he was struck or that he had just stopped for three seconds on impact, in either case leading to the conclusion that plaintiff’s negligence in failing to see defendant’s automobile and failing to yield to it was the proximate cause of the accident. Since the instant case turns primarily on an evaluation of the credibility of the witnesses, the trial judge’s determination will not be disturbed. Accordingly, the judgment is affirmed.
Affirmed.